Allen, J.
This was an action of trespass quare clausum fregit. The declaration contained two counts, to each of which the defendant demurred generally. The demurrer to the second count was sustained, but overruled as to the first; and upon that count there was verdict and a judgment for the plaintiff. The only question arising upon the record is, as to the sufficiency of that count. It is contended that the trespass is laid with a continuando; that by it, the plaintiff claims damages, not only for the original ouster, but for the injury sustained by being kept out of possession, though it appears from the face of the declaration that the plaintiff had not regained possession. And the case of Cooke v. Thornton, 6 Rand. 8, is relied on as establishing that such a declaration is bad on general demurrer. The precise form of the counts in that case does not appear in the report; but from the remarks of the Judges who considered them bad on demurrer, they were probably in the ordinary form, laying the trespass with a continuando up to the time of suing out the writ. The case was decided upon the correctness of an instruction given at the trial, by which the jury were authorized to give damages, not only for the injury oc *146 casioned by the act of disseisin, but for injuries occurring thereafter, though the case shewed that there had been no re-entry or resumption of possession.
I do not consider the first count in the declaration objecte(j to in the present case, as laying the trespass with a continuando, or as claiming damages for injuries done after the first ouster. It does not aver a repetition of the trespasses on divers days and times, according to one form of declaring, or a continuance of the trespass for a designated period, whereby certain damages were sustained. It is the common count for an ordinary expulsion ; and the allegation that the plaintiff was kept out of possession " from thence hitherto,” is intended to shew the character of the ouster as constituting a complete disseisin, and not a mere trespass on the possession of the plaintiff of .short duration. The declaration claims damages for this act of disseisin alone, and negatives any claim to further damages for continued trespasses by averring a continued dispossession. The form given for a simple ouster, 2 Chitty’s Plead. 863, and 2 Saund. on Plead, and Evi. 445, is strictly pursued. That a disseisee before his re-entry, may maintain trespass against the disseisor for the act of disseisin itself, is a proposition too plain to require authority to establish it, and is laid down as the law in the case referred to, of Cooke v. Thornton. I think the demurrer to the first count was properly overruled, and that the judgment should be affirmed.
Judges Baldwin and Daniel, concurred in the opinion of Allen, J.
Judgment affirmed.